OPINION
{¶ 1} Stacey Delaney was found guilty of domestic violence after a trial to the bench. The trial court imposed a sentence of 180 days, 150 days of which were suspended, and a fine of $500, $250 of which was suspended. The trial court allowed work release in connection with the thirty days to be served and placed Delaney on two years probation.
 {¶ 2} Delaney asserts on appeal that the conviction was against the manifest weight of the evidence, and that his trial counsel was ineffective.
 {¶ 3} The testimony consisted of that of the complaining witness, Lottie Taylor, and Delaney, in his own defense. Taylor and Delaney lived together. Taylor testified that after Delaney returned home after work one evening, they quarreled about several matters, resulting in Delaney's pushing her against the garage wall, pinning her on her bed and punching her in the head through a pillow he held to her head, and dragging her off the bed by her legs. Delaney testified that Taylor was the aggressor, assaulting him twice as he slept and injuring his lip.
 {¶ 4} Delaney makes numerous arguments that the trial court erred in finding Taylor more credible than him.
 {¶ 5} He asserts that the testimony of the accuser, without more, is not enough to establish proof beyond a reasonable doubt. This is simply not so.
 {¶ 6} Delaney next argues that Taylor "sustained no real injuries save a slight bruise under her arm" even though she said she "withstood a savage beating which lasted several hours." This is a mischaracterization of Taylor's testimony. While Taylor testified that she and Delaney were quarreling for several hours, she did not say he was beating her the entire time. She said when Delaney pushed her into the garage wall, "he didn't shove me hard then," that he punched her in the head through the pillow to avoid bruising her, and that her left underarm was bruised and sprained when Delaney pulled her off the bed.
 {¶ 7} Delaney next argues that Taylor never requested police assistance until she went to work the following day, but Taylor explained that she had no home phone and was attempting to call the police on the cell phone she kept in her purse when Delaney grabbed it and broke off the antenna, thus preventing her from calling the police.
 {¶ 8} Delaney next argues that Taylor's credibility is diminished because she did not admit to any aggressive actions toward him, but he sustained injury to his lip, which he showed to his supervisor the following day. The trial court had only Delaney's word that Taylor's alleged assaults injured his lip. The trial court was free to disbelieve that Delaney's lip, if it was injured, was injured in the manner Delaney said it was.
 {¶ 9} Delaney argues that Taylor provided no provocation for him to beat her "for hours." Again, Delaney exaggerates Taylor's testimony as to duration of the physical aggression. Taylor testified that she and Delaney quarreled frequently, that he had a violent temper, that on the night in question they argued about money and Delaney's staying out late, and that she pulled up a marijuana plant in the garage that belonged to Delaney. There is nothing necessarily incredible about a physical assault resulting from the quarrel Taylor described.
 {¶ 10} Delaney's assertion that the police didn't investigate the case is immaterial to whether the conviction was against the manifest weight of the evidence presented to the trial court.
 {¶ 11} Finally, Delaney argues that the deck was stacked against him in this "she said, he said" domestic violence prosecution, that it is a cop-out for this court to defer to the trial court on questions of credibility when there is a video record of the trial, and that the evidence should be weighed "without prejudice and preconceived notions that a man is guilty of domestic violence when it involves a woman." There is no support in this record for the insinuation that the trial court was less than impartial, nor are we persuaded that traditional appellate deference to the trial court's credibility assessments is unwise simply because a video record of the trial exists.
 {¶ 12} In short, Delaney fails to demonstrate that his conviction is against the manifest weight of the evidence.
 {¶ 13} In contending that his attorney was ineffective, Delaney's principal complaint is that his attorney failed to secure the presence of witnesses who would have bolstered his credibility: the investigating officer and Delaney's co-workers (who saw her the morning after the incident) to testify as to whether Taylor was actually injured, and his supervisor, to whom he said he exhibited his injured lip.
 {¶ 14} The problem Delaney faces here is that this record doesn't establish what any of these witnesses would have said, if called, and Delaney is thus unable to demonstrate that the testimony of these witnesses would have resulted in an acquittal.Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 15} Delaney also complains of insufficient pre-trial communication between him and trial counsel. This complaint is based on Delaney's trial testimony that he didn't realize he was coming to court for a trial, and his statement that he had asked his supervisor to testify on his behalf, "told (his attorney) about it," but didn't think she (his supervisor) was subpoenaed because "I didn't know this was a trial date."
 {¶ 16} Delaney told his version of events and, as we have earlier observed, we can't tell from the record that the supervisor's testimony would have changed the outcome.
 {¶ 17} Ineffective assistance of counsel has not been shown.
 {¶ 18} The assignments of error are overruled.
 {¶ 19} The judgment will be affirmed.
Brogan, P.J. and Grady, J., concur.